UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CITYVIEW TOWNE CROSSING
SHOPPING CENTER FORT WORTH TX.
LIMITED PARTNERSHIP A/K/A CITY
VIEW TOWNE CROSSING SHOPPING
CENTER FORTH WORTH, TX. LIMITED
PARTNERSHIP,

|  |  |
|---|---|
| Plaintiff, | **DECISION AND ORDER** |
| v. | 6:20-CV-06002 EAW |

AISSA MEDICAL RESOURCES L.P. and
DR. RAMIN R. SAMADI,

Defendants.
_____

## <u>INTRODUCTION</u>

Plaintiff CityView Towne Crossing Shopping Center Fort Worth Tx. Limited Partnership a/k/a City View Towne Crossing Shopping Center Forth Worth, Tx. Limited Partnership ("City View" or "Plaintiff"), commenced this action on January 29, 2019, in New York State Supreme Court, Monroe County, alleging breach of contract and seeking attorneys' fees and expenses.  (Dkt. 1 at ¶ 1 & Dkt. 1-2 at 3-9).  On January 2, 2020, defendant Aissa Medical Resources, L.P. ("Aissa") removed the action to federal court. (Dkt. 1).  Presently before the Court are Aissa's motion to transfer venue to the Northern District of Texas (Dkt. 7) and Plaintiff's motion for remand, abstention and costs (Dkt. 12). For the reasons discussed below, Plaintiff's motion is granted, and Aissa's motion is denied as moot.

# BACKGROUND

## I.   Factual Background[1]

Plaintiff is a New York limited partnership that has its principal place of business in New York, and owns the City View Towne Crossing Shopping Center ("the shopping center"), located in Fort Worth, Texas.  (Dkt. 1-2 at 391, ¶¶ 2-3).  Aissa is a limited partnership organized and doing business in Texas, and defendant Dr. Ramin R. Samadi ("Samadi") is a resident of Texas.  (*Id*. at 392, ¶¶ 4-5).  Plaintiff and Aissa are parties to two leases: the April 23, 2008 lease and December 18, 2002 lease.  (*Id*. at 392-93, ¶¶ 6, 18).  Plaintiff and Samadi entered into a lease guaranty in connection with the 2008 lease, pursuant to which Samadi guaranteed the satisfaction and performance of all the terms and conditions of the 2008 lease.  (*Id*. at 392, ¶¶ 8-9).

Pursuant to the 2008 lease, Aissa operated a medical, health and well-being facility in the shopping center.  (*Id*. at ¶ 7).  Article 12.02 of the 2008 lease required Aissa, upon the expiration of the lease, to "remove all such trade fixtures, equipment, alterations, decorations, additions and improvements, and restore the leased premises as provided in Section 13.03 hereof."  (*Id*. at ¶ 11).  Section 13.03 of the 2008 lease states:

> At the expiration of the tenancy hereby created, Tenant shall surrender the leased premises in the same condition as the leased premises were in upon delivery of possession thereto under this Lease, reasonable wear and tear excepted.  Tenant shall remove all its trade fixtures and any alterations or improvements as provided in Section 12.02 hereof, before surrendering the leased premises as aforesaid and shall repair any damage to the leased

---

[1]   The following facts are taken from the Amended Complaint, Notice of Removal, and from the parties' papers submitted in support of and in opposition to the motion for transfer of venue and motion to remand.

premises caused thereby.  Tenant's obligation to observe or perform this covenant shall survive the expiration or other termination of the term of this Lease.

(*Id*. at 392-93, ¶ 12).

On September 27, 2018, Plaintiff notified Aissa of its surrender obligations under the 2008 lease, which would expire on September 30, 2018.  (*Id*. at ¶¶ 10, 14).  Specifically, Plaintiff informed Aissa that it was required to remove all trade fixtures and alterations or improvements made to the leased premises.  (*See id*. at 432-33).  However, Aissa allegedly failed to satisfy its surrender obligations under the lease, and Plaintiff issued notices of default on January 8, 2019.  (*Id*. at 393, ¶ 15).  On January 23, 2019, Plaintiff demanded payment for its damages in the amount of $71,401.37.  (*Id*. at ¶ 16).  Defendants failed to pay the alleged damages.  (*Id*. at ¶ 17).

Pursuant to the 2002 lease, Aissa operated an urgent care medical facility at the shopping center.  (*Id*. at ¶ 19).  The lease was amended on three occasions (*id*. at ¶ 18), and pursuant to the third amendment, the term of the lease was extended for 60 months, until September 30, 2023 (*id*. at 394, ¶ 20).  Aissa hired a real estate broker and/or brokerage firm to negotiate the third amendment to the 2002 lease.  (*Id*. at ¶ 21).  As a result, Plaintiff paid a real estate broker's commission.  (*Id*. at ¶ 22).  The 2002 lease requires Aissa to reimburse Plaintiff for any real estate broker's commission, but Aissa has allegedly failed to reimburse Plaintiff.  (*Id*. at ¶¶ 23-24).

Plaintiff alleges four causes of action: (1) breach of the 2008 lease against Aissa, based on its failure to surrender the leased premises in the condition required by the lease; (2) breach of the 2008 lease guaranty by Samadi; (3) breach of the 2002 lease against Aissa,

based on its failure to reimburse Plaintiff for real estate broker commissions; and (4) reimbursement of attorneys' fees and expenses by both Defendants, as under the terms of the 2002 lease and the 2008 lease and guaranty, they are jointly and severally liable to Plaintiff for any and all reasonable expenses resulting from the breach of the leases and guaranty, including attorneys' fees.  (*Id*. at 394-96, ¶¶ 25-43).

## II.    **Procedural Background**

Plaintiff filed its Complaint on January 29, 2019, in New York State Supreme Court, Monroe County ("Monroe County Supreme Court").  (Dkt. 1-2 at 3-9).  Thereafter, on May 15, 2019, Plaintiff filed an Amended Complaint.  (*See* Dkt. 13 at 10-11; *see also* Dkt. 1-2 at 391-97).  On January 2, 2020, Aissa filed a Notice of Removal, seeking removal of the action to federal court.  (Dkt. 1).  In its Notice of Removal, Aissa states that on January 2, 2020, it filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.  (*Id*. at ¶ 8).  Aissa alleges that removal is proper pursuant to 28 U.S.C. § 1452, which "allows state law claims related to bankruptcy to be removed where federal jurisdiction arises under 28 U.S.C. § 1334."  (*Id*. at ¶ 9).  Section 1452(a) provides:

> A party may remove  any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(*Id*.).  Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases

under title 11." (*Id.* at ¶ 10). Aissa alleges that removal is proper because (1) Aissa is a defendant in the state court action, Plaintiff's claims seek recovery of property from Aissa's bankruptcy estate, and therefore the state court action is a "core proceeding," under 28 U.S.C. § 157(b), that "arises in" or "arises under" the Bankruptcy Code, and (2) the state court action "relates to" the bankruptcy case because it "conceivably could affect" Aissa's bankruptcy estate. (*Id.* at ¶¶ 11-12). Aissa further contends that venue is proper, as the Monroe County Supreme Court is within the jurisdiction of this Court. (*Id.* at ¶ 16).

Concurrently with the Notice of Removal, on January 2, 2020, Aissa filed a motion to transfer venue to the United States District Court for the Northern District of Texas. (Dkt. 7). Aissa argues that transfer to the Northern District of Texas is proper because following such a transfer, the action will automatically be referred to that district's bankruptcy court, where Aissa's bankruptcy case is pending. (Dkt. 8 at ¶ 1). Aissa contends that "this Civil Action is unlikely to be efficiently or speedily resolved if it is not transferred and the Debtor is not in a position to fund an out-of-state lawsuit, handicapping and hindering [its] efforts to reorganize." (*Id.*).

On January 16, 2020, Plaintiff filed a motion for remand, abstention and costs, and an opposition to Aissa's motion to transfer venue. (Dkt. 12). Plaintiff argues that remand to Monroe County Supreme Court is proper because: (1) the 2008 and 2002 lease forum selection clauses require remand to state court; (2) mandatory abstention is required, pursuant to 28 U.S.C. § 1334(c)(2); (3) permissive abstention is required, pursuant to 28 U.S.C. § 1334(c)(1); and (4) remand is appropriate on equitable grounds, pursuant to 28 U.S.C. § 1452(b). (*See* Dkt. 12 & 13 at 2). Plaintiff also seeks its attorneys' fees, costs,

and expenses associated with its motion to remand and in opposing Aissa's motion to transfer venue.  (*Id*. at 7).

Aissa filed its response on February 4, 2020.  (Dkt. 17).  In its response, Aissa does not make any substantive argument opposing the specific arguments raised by Plaintiff's motion to remand.  Rather, Aissa argues that removal to this Court was proper, but that it "anticipates that an order dismissing the Bankruptcy Case will be entered soon."  (*Id*. at 3).  Aissa includes the following request in its response papers:

> Notwithstanding any resolution or dismissal of the Bankruptcy Case, [Aissa] is still willing to resolve the dispute underlying this action with a consent judgment for the full amount of damages Plaintiff seeks, plus reasonable attorneys' fees.
>
> Indeed, while this Court retains jurisdiction and the authority over this action and to ensure a swift and effective resolution of this action, which otherwise will be remanded to State Court upon the dismissal of the Bankruptcy Case, [Aissa] suggests that the parties resolve their disputes now.  [Aissa] requests that this Court enter a consent judgment against [Aissa] and Dr. Samadi for the full amount of damages Plaintiff seeks in this action, plus reasonable attorneys' fees, respectively attributed to each defendant.

(*Id*.).

Plaintiff replied on February 11, 2020.  (Dkt. 20).  Attached to Plaintiff's reply papers is an order from the United States Bankruptcy Court, Northern District of Texas, dismissing Aissa's bankruptcy case.  (*See* Dkt. 21-1 at 2-3).  Plaintiff contends that the dismissal order requires that this case be remanded to state court.  (Dkt. 20 at 4).  Plaintiff also argues that the Court should not enter a consent judgment against Aissa and Dr. Samadi.  (*Id*. at 5).  Specifically, Plaintiff states that "[w]hile [it] is not opposed to having a consent judgment entered by the State Court, [Plaintiff] is concerned that this Court does

not have jurisdiction or authority to enter the consent judgment requested by [Aissa]," and "[a]n order which exceeds the jurisdiction of a court is void." (*Id.*).

## DISCUSSION

As explained above, both Aissa's motion transfer venue and Plaintiff's motion for remand, abstention and costs are currently pending before the Court. "When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Callen v. Callen*, 827 F. Supp. 2d 214, 215 (S.D.N.Y. 2011) (citation omitted). Accordingly, the Court first addresses Plaintiff's motion to remand.

## I.    Plaintiff's Motion to Remand

"In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003). As explained above, Aissa removed this case to federal court, pursuant to 28 U.S.C. §§ 1452 and 1334. (*See* Dkt. 1 at 3 ("Federal Jurisdiction exists under 28 U.S.C. §§ 1452 and 1334.")).[2] In other words, Aissa removed this action

___

[2]       In Aissa's motion to transfer venue and in its response to Plaintiff's motion to remand, Aissa appears to advance a new theory of removal, based on 28 U.S.C. § 1332, *i.e.*, diversity jurisdiction. (*See* Dkt. 8 at 8, ¶ 8 ("The Court has jurisdiction over this matter under 28 U.S.C. §§ 1332 and 1334."); Dkt. 17 at 2 ("As stated in the *Notice of Removal* . .

to federal court based on the existence of the bankruptcy action in the Northern District of Texas.  Plaintiff argues that because the bankruptcy case was dismissed, this Court no longer has jurisdiction over the case.  (*See* Dkt. 20 at 4 ("The dismissal of [Aissa's] bankruptcy case requires remand back to the state court.")).  Aissa similarly acknowledges in its response to Plaintiff's motion to remand that the case "otherwise will be remanded to State Court upon the dismissal of the Bankruptcy Case. . . ." (Dkt. 17 at 3).

However, contrary to the parties' positions, dismissal of the bankruptcy case does not automatically divest the Court of jurisdiction.  As explained in *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc*.:

> [T]he Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). <u>Similarly, "federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis of the facts at the time of removal."</u>  *In*

---

. this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332 and 1334.")). Contrary to these claims, Aissa did not include diversity jurisdiction as a basis for removal in its Notice of Removal filed on January 2, 2020.  Even if it had, removal based on diversity would have been untimely because 28 U.S.C. § 1446(b) requires removal within 30 days of the date the removing party became aware that diversity jurisdiction exists.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .").  Here, Aissa presumably was aware of the facts relevant to diversity jurisdiction—*i.e.*, the citizenship of the parties and the amount in controversy—at the time Plaintiff's original Complaint was filed on January 29, 2019.  To be timely, Aissa was required to remove the action within 30 days of that date.  Instead, the Notice of Removal was not filed until January 2, 2020.  Moreover, removal on the basis of diversity jurisdiction, unlike removal pursuant to 28 U.S.C. § 1452, requires all defendants to consent to removal, *see*, *e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 330 (S.D.N.Y. 2003)—but in this case, the Notice of Removal was filed only on behalf of Aissa (Dkt. 1 at 1).

re WorldCom, Inc. Securities Litig., 294 B.R. 553, 556 (S.D.N.Y. 2003); *see also In re Celotex Corp*., 124 F.3d 619, 626 (4th Cir. 1997) (noting that if "related to" jurisdiction existed at the time of removal, subsequent changes such as settlement could not divest the district court of subject matter jurisdiction). Even "the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995). <u>Instead, the "decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending."</u> *Id*. Thus, even if the current facts regarding the modified bankruptcy plan no longer support "related to" jurisdiction at this time, remand is not necessarily appropriate.

337 B.R. 22, 25 (S.D.N.Y. 2005) (emphasis added). Accordingly, the Court considers whether remand to Monroe County Supreme Court is appropriate.

As explained above, Plaintiff argues that remand to Monroe County Supreme Court is proper because: (1) the 2008 and 2002 lease forum selection clauses require remand to state court; (2) mandatory abstention is required; (3) permissive abstention is required; and (4) remand is appropriate on equitable grounds. (*See* Dkt. 13 at 2). For the reasons explained below, the Court finds that remand to Monroe County Supreme Court is appropriate under each of these theories.

## A. The 2002 Lease's Forum Selection Clause Requires Remand

Both the 2008 and 2002 leases contain forum selection clauses. "Forum selection clauses are 'prima facie valid' and should be enforced unless demonstrated to be 'unreasonable' under the circumstances." *Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 359 (S.D.N.Y. 2014) (quoting *M/S Bremen et al. v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972)); *see also New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997) ("A forum selection clause is enforceable unless it is shown that to

enforce it would be 'unreasonable and unjust' or that some invalidity such as fraud or overreaching is attached to it.") (citation omitted).  Accordingly, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."  *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (citation omitted) (alteration in original).

Further, "'[i]t is well established that a forum selection clause may act as a waiver of defendant's right to remove an action to federal court.'"  *JP Morgan Chase Bank, N.A. v. Reijtenbagh,* 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009) (quoting *John's Insulation, Inc. v. Siska Constr. Co.,* 671 F. Supp. 289, 294 (S.D.N.Y.1987)) (alteration in original). Although a waiver to the right of removal must be "clear and unequivocal," *see id.* at 390, a forum selection clause need not "contain some particular language to constitute a waiver of the right to remove.  The question is simply whether, giving the contract its plain, ordinary meaning, it clearly demonstrates an intent by the parties to effectuate a waiver." *Rochester City Sch. Dist. v. Aramark Educ. Servs., LLC*, 292 F. Supp. 3d 595, 599 (W.D.N.Y. 2017); *see also Frankford Crossing Shopping Ctr. Dallas, Tx. Ltd. P'ship v. Pho Partners, LLC*, 942 F. Supp. 2d 366, 372 (W.D.N.Y. 2013) (holding that forum selection clause, which required the parties to litigate disputes arising out of the lease agreement in state court, resulted in waiver of the right to remove the action to federal court).  In considering whether a party has waived its right to bring an action in a particular forum, courts consider whether the language in the forum selection clause is "permissive" or "mandatory."  *See Rochester City Sch. Dist.*, 292 F. Supp. 3d at 599; *see also Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011).  "A permissive

forum selection clause only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate. . . .  Mandatory forum selection clauses, on the other hand, require that disputes *must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie."  *Id.* (internal quotations and citations omitted).

The 2008 lease states, in relevant part:

> Owner and Tenant agree that any action, suit or proceeding arising out of this Lease or otherwise, may be brought in the courts in which Owner's principal office is located, and Tenant concedes that Tenant transacted business in the said state of Owner's principal office by entering into this Lease.  *In the event of an action, suit or proceeding arising out of or relating to this Lease, Tenant expressly and specifically consents to the jurisdiction of the state in which Owner's principal office is located, and Tenant further agrees that venue may be laid in the county of Owner's principal place of business*.

(*See* Dkt. 1-2 at 410) (emphasis added).  Similarly, the 2002 lease, as amended, provides in relevant part:

> Landlord and Tenant further agree that any action, suit  or proceeding arising out of or relating to this Lease, or the parties' relationship arising out of the Lease, *shall be adjudicated exclusively in New York State Supreme Court, Monroe County, New York*, and the parties expressly, specifically, and irrevocably consent to the personal jurisdiction and venue of such court. Tenant further acknowledges that Tenant transacted business in New York State by entering into this Lease.  In the event of an action, suit or proceeding arising out of or relating to this Lease, or the parties' relationship arising out of this Lease, Tenant waives all objections to venue on the grounds of forum non conveniens or for any other reason.

(*See* Dkt. 1-2 at 444) (emphasis added).

"Other district courts in this circuit have held that a forum-selection clause requiring an action to be brought in 'the courts of the State of New York' is mandatory, and confers exclusive jurisdiction on New York *state* courts, not on state *or* federal courts *in* New

- 11 -

York." *Rochester City Sch. Dist.*, 292 F. Supp. 3d at 599 (collecting cases).  There is no ambiguity in the 2002 lease forum selection clause, which is clear that any action arising out the lease "shall" be adjudicated "exclusively" in Monroe County Supreme Court.  *See HongKong and Shanghai Banking Corp. v. Suveyke*, 392 F. Supp. 2d 489, 492 (E.D.N.Y. 2005) (noting that language in forum selection clause specifying venue "has the equivalence of mandatory language," and "the use of the word 'shall' is a clear indication of mandatory, rather than permissive language."); *Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991RJH, 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts."), *aff'd*, 422 F.3d 72 (2d Cir. 2005).

On the other hand, the 2008 forum selection clause—which states that Aissa "expressly and specifically consents to the jurisdiction of the state in which Owner's principal office is located," and provides that venue "may be laid in the county of Owner's principal place of business"—contains more permissive language, and could be interpreted to imply that an action may lie in any court within New York (federal or state).  *See Eklecco Newco, LLC v. Gloria Jean's Gourmet Coffees Corp.*, No. 5:08-CV-00861(NPM/GHL), 2009 WL 2185405, at *3 (N.D.N.Y. July 17, 2009) (denying motion for remand where forum selection clause, which provided "any dispute . . . shall be brought in either Syracuse, New York, or in the jurisdiction where the Premises is located", was "silent as to the parties' intent regarding federal or state jurisdiction. . . .").  Nonetheless, Aissa does not make any argument that the claims based on the 2008 lease agreement should somehow be

distinguished from the claims based on the 2002 lease agreement—and indeed, Plaintiff's Amended Complaint asserts claims based on alleged violations of both lease agreements.

In its motion to transfer, Aissa contends that the presumption that related bankruptcy proceedings be decided in the same district "can even overcome forum selection provisions in underlying contracts that controlled state matters prior to their removal." (Dkt. 8 at 16, ¶ 38).  It cites to three cases, including *In re Commodore Int'l, Ltd.*, 242 B.R. 243, 261 (S.D.N.Y. 1999), *aff'd*, 2000 WL 977681 (S.D.N.Y. July 17, 2000), *In re Mercury Masonry Corp.*, 114 B.R. 35, 39 (S.D.N.Y. 1990), and *In re Wheeling-Pittsburgh Steel Corp.*, 108 B.R. 82, 85 (W.D. Pa. 1989), supporting this contention.  (*Id.*).  These cases are not instructive given that the bankruptcy case filed in the Northern District of Texas has been dismissed.  In other words, concerns regarding the efficiency and centralization of all bankruptcy matters in the bankruptcy court are no longer relevant to the enforcement of the forum selection clauses.  Further, these cases involved core bankruptcy proceedings whereas, as further explained below, this case is not a core proceeding.  *See, e.g., In re Commodore Int'l, Ltd.*, 242 B.R. at 261 ("A debtor-in-possession or trustee, or by implication a committee whose authority derives from them, is not bound by a forum selection clause in an agreement *provided the litigation at issue amounts to a core proceeding* and is not inextricably intertwined with non-core matters.") (emphasis added).

Accordingly, based on the forum selection clauses, the case should be remanded to Monroe County Supreme Court.

B.    **Mandatory Abstention Requires Remand**

Remand is also required by the doctrine of mandatory abstention.  "Under section 1334(c)(2), a district court is required to abstain from hearing a proceeding based on state law that is before the court based on federal bankruptcy jurisdiction if certain criteria are met."  *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 12 (S.D.N.Y. 2002).  Pursuant to 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  "This provision requires a district court to abstain from hearing a case if:

> (1) the motion was timely brought; (2) the proceeding in federal court is based upon a state law claim; (3) the proceeding is "related to" a bankruptcy proceeding, but does not arise under title 11 or arise in a title 11 case; (4) section 1334 is the sole basis for federal jurisdiction; (5) 'an action is commenced' in state court; and (6) the action can be 'timely adjudicated' in state court.

*Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 54 (S.D.N.Y. 2011) (quoting *Certain Underwriters at Lloyd's, London*, 337 B.R. at 26).

Several of the factors are easily met.  First, Plaintiff's motion for remand is timely, as it was brought on January 16, 2020, less than 30 days after Aissa filed its Notice of Removal on January 2, 2020.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within

- 14 -

30 days after the filing of the notice of removal under section 1446(a).").  Regarding the second and fifth factors, Plaintiff's Amended Complaint is based on state law breach of contract claims, and Plaintiff initially commenced this action in Monroe County Supreme Court, which is a state court.

As to the third factor, Plaintiff's case is "related to" a bankruptcy proceeding, but it is not a "core proceeding."  "Proceedings 'arising under title 11, or arising in a case under title 11,' are deemed 'core proceedings.'"  *In Matter of Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016) (quoting *Stern v. Marshall*, 564 U.S. 462, 476 (2011)).  "Proceedings that are 'core' are those that involve 'more pressing bankruptcy concerns.'"  *In re Anderson*, 884 F.3d 382, 388 (2d Cir.), *cert. denied sub nom.*, *Credit One Bank, N.A. v. Anderson*, __ U.S. __, 139 S. Ct. 144 (2018).  On the other hand, "non-core" proceedings "are merely 'related to' bankruptcy cases."  *In re MF Glob. Holdings Ltd.*, 571 B.R. 80, 93 (S.D.N.Y. 2017).  "[A] claim is non-core if it 'does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction.'"  *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 249 (S.D.N.Y. 2017); *see In re AOG Entm't, Inc.*, 569 B.R. 563, 574 (S.D.N.Y. 2017) ("Non-core proceedings correspond to 'related to' proceedings and involve claims that do not arise in a bankruptcy case or arise under the Bankruptcy Code, but whose outcome may have a 'conceivable effect' on the bankruptcy case."); *Shiboleth v. Yerushalmi*, 412 B.R. 113, 116-17 (S.D.N.Y. 2009) ("'Arising under' and 'arising in' cases are termed core bankruptcy proceedings, while 'related to' cases are termed non-core proceedings. . . .  [A] proceeding is non-core if it involve[s] the adjudication of state-created private rights, such as the right to recover

contract damages, and the outcome of the proceeding could affect the estate being administered in bankruptcy." (second alteration in original) (internal quotations and citations omitted)).

Plaintiff's case is a non-core proceeding.  It was filed almost one year prior to the commencement of the bankruptcy action, Plaintiff did not submit any claim in the bankruptcy action, and Plaintiff's claims exist outside of the bankruptcy (which of course, no longer exists).  Further, Plaintiff's Amended Complaint involves the adjudication of its right to recover contract damages which, although related to the bankruptcy proceeding, do not invoke rights provided by Title 11.  *See ResCap Liquidating Trust v. RBC Mortgage Co.*, No. 14 Civ. 4457(AKH), 2014 WL 8103896, at *2 (S.D.N.Y. July 18, 2014) ("This action is a non-core proceeding because the state-law breach of contract and indemnification claims do not depend on bankruptcy laws for their existence . . . and could proceed in a court that lacks federal bankruptcy jurisdiction.") (internal quotations and citation omitted).

As to the fourth factor, Plaintiff's Notice of Removal states that removal is proper based on 28 U.S.C. § 1334, which is the sole basis for jurisdiction.  Although Aissa states in its papers that jurisdiction also exists based on diversity, removal of the case based on that theory would have been untimely.  *See* footnote 2, *supra*.  Further, it is not clear to the Court that the amount in controversy exceeds the jurisdictional threshold of $75,000.  The only monetary demands contained in the Amended Complaint are included in the first and second causes of action, which allege that Plaintiff is entitled to damages "believed to

exceed $71,401.37" (Dkt. 1-2 at 394-95, ¶¶ 29-30), and by virtue of the guaranty, that Dr. Samadi is "jointly and severally" liable with Aissa as to the same amount (*id*. at 395, ¶ 34).

Finally, as to the sixth factor, the case may be timely adjudicated in state court. Plaintiff asserts that, prior to Aissa's filing of its Notice of Removal, the parties had engaged in discovery, filed motions to dismiss, and a bench trial was scheduled for May 20, 2020.  (*See* Dkt. 13 at 22; *see also* Dkt. 15 at 1-7 & Dkt. 15-7).  The state court record attached to Aissa's Notice of Removal is almost 900 pages in length.  The state court is therefore familiar with the case and was prepared to preside over a bench trial in May 2020. Aissa does not contest these facts, and there is no indication that the state court would be unable to resolve the case in an expedient manner.  Accordingly, remand of the case to Monroe County Supreme Court is proper based on the doctrine of mandatory abstention.

## C.    Remand is Appropriate Based on Permissive Abstention and Equitable Remand

"A court may permissibly abstain from hearing particular claims over which it has jurisdiction under 28 U.S.C. § 1334(c)(1) 'in the interest of justice, or in the interest of comity with State courts or respect for State law,' or equitably remand particular claims 'on any equitable ground' under 28 U.S.C. § 1452.  'The two inquiries are essentially the same and are often analyzed together.'"  *Worldview Ent. Holdings Inc. v. Woodrow*, 611 B.R. 10, 20 (S.D.N.Y. 2019) (quoting *Little Rest Twelve, Inc*., 458 B.R. at 60).  "The factors considered [by the Court] include:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the

existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Little Rest Twelve*, 458 B.R. at 60 (quoting *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC,* 396 B.R. 602, 607 (S.D.N.Y. 2008)).   Courts also may consider the following five factors: the jurisdictional basis, if any, other than 28 U.S.C. § 1334; the substance rather than form of an asserted "core" proceeding; the feasibility of severing state law claims from the core bankruptcy matters; the burden on the court's docket; and the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties.  *See In re Cody, Inc*., 281 B.R. 182, 190-91 (S.D.N.Y. 2002), *aff'd in part*, 338 F.3d 89 (2d Cir. 2003).   "Permissive abstention and equitable remand should be used sparingly."  *Little Rest Twelve*, 458 B.R. at 60.

For many of the same reasons the Court found that mandatory abstention is required, the factors weigh in favor of permissive abstention and equitable remand. Because the bankruptcy case has been dismissed, many of the above-mentioned considerations—including the efficient administration of the bankruptcy estate, the relatedness or remoteness of the proceeding to the main bankruptcy case, the substance rather than form of the asserted "core" proceeding, and the feasibility of severing the state law claims from core bankruptcy matters—are not relevant to this case and weigh in favor of remanding the case to Monroe County Supreme Court.  Further, the case concerns issues of state law and, as it was pending in Monroe County Supreme Court for almost one year before Aissa filed its Notice of Removal, the state court is familiar with the case. Additionally, Plaintiff will be prejudiced by the non-enforcement of the 2002 and 2008

- 18 -

lease forum selection clauses.  Accordingly, remand to Monroe County Supreme Court also is appropriate based on permissive abstention and equitable remand.

### D.     Attorneys' Fees and Costs

Plaintiff, citing to 28 U.S.C. § 1447, has moved for its attorneys' fees, costs, and expenses incurred as a result of filing its motion for remand and in opposing Aissa's motion to transfer venue.  (Dkt. 13 at 28).  Pursuant to 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added).  "Granting an award of attorneys' fees incurred as a result of a removal is within the district court's discretion. . . .  However, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Sleppin v. Thinkscan.com, LL*C, 55 F. Supp. 3d 366, 381 (E.D.N.Y. 2014) (internal quotations and citations omitted).  "An award of costs and fees pursuant to 28 U.S.C. § 1447(c) does not require a finding of bad faith by the removing party. . . .  Although the absence of bad faith . . . weighs against the award of costs and fees, this is true only where the court finds at least a colorable question as to whether removal is proper."  *HealthNow N.Y., Inc. v. Meridian Technologies, Inc*., No. 11-CV-00483(S)(M), 2011 WL 7459188, at *3 (W.D.N.Y. Sept. 29, 2011) (internal quotations and citations omitted), *adopted*, 2012 WL 713682 (W.D.N.Y. Mar. 5, 2012).

- 19 -

In its response papers, Aissa states that it is amenable to paying "the full amount of damages Plaintiff seeks in this action, plus reasonable attorneys' fees, respectively attributed to each defendant." (Dkt. 17 at 3). The Court further notes that the parties agreed Plaintiff is entitled to recover its legal expenses, including reasonable attorneys' fees, for any action arising out of breach of the lease. (*See* Dkt. 1-2 at 410, 428).

The Court finds that Aissa lacked a colorable basis for removing this case. Aissa had plainly agreed to the Monroe County Supreme Court as a venue for any disputes arising out of at least the 2002 lease, but nevertheless after substantial proceedings had taken place in state court—and with a bench trial scheduled to proceed—removed the case to federal court on the meritless basis that the action should be litigated with its now-dismissed bankruptcy proceeding. As depicted by Aissa's failure to meaningfully oppose remand, its initial removal was unwarranted, and Plaintiff is entitled to recover its costs in having to litigate the issue. *See Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 402 (E.D.N.Y. 2019) (explaining that while "[t]he American Rule requires parties to bear their expenses in one set of courts . . . when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs," and finding that where "the inappropriateness of a federal forum was readily apparent from the face of the complaint, provides a good example of the need for fee-shifting.") (internal quotations and citation omitted); *c.f. Groman v. Cola*, No. 07 CV. 2635(RPP), 2007 WL 3340922, at *8 (S.D.N.Y. Nov. 7, 2007) ("Particularly because the Price Adjustment Agreement failed to specify in which court the parties could assert their

rights, Defendant should not be penalized for exercising what he reasonably believed to be his prerogative to adjudicate this case in a federal forum.").

Accordingly, Plaintiff is entitled to its reasonable attorneys' fees and costs in connection with opposing Aissa's motion to transfer venue and in filing its motion to remand. Plaintiff is directed to file within 30 days of the date of this Decision and Order, an affidavit detailing the fees and costs so incurred. Within 14 days therefore, Aissa shall file any opposition to the reasonableness of the fees and costs and/or their relation to Plaintiff's opposition to the motion to transfer venue and in support of its motion to remand. *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) ("[A] district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued.").

## II.   Aissa's Motion to Transfer Venue

Because the Court has granted Plaintiff's motion for remand, Aissa's motion to transfer venue to the Northern District of Texas is denied as moot. *See Worldview Ent. Holdings, Inc.*, 611 B.R. at 20 ("Because abstention and remand are warranted, the motion to transfer venue is denied as moot.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand (Dkt. 12) is granted. The case is remanded to New York State Supreme Court, Monroe County. Further, Plaintiff is entitled to reasonable attorneys' fees and costs incurred as a result of the removal. Plaintiff is directed to file within 30 days of the date of this Decision and Order, an affidavit detailing the fees and costs incurred in filing its motion to remand and opposing Aissa's motion to transfer venue, and within 14 days thereafter Aissa shall file any papers in opposition.

Aissa's motion to transfer venue (Dkt. 7) is denied as moot.  The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, Monroe County, Index No. E2019-000908 to the clerk of the state court, and then to close the case.

      SO ORDERED.

                                          ELIZABETH A. WOLFORD
                                          United States District Judge

DATED:      June 10, 2020
               Rochester, New York